UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUNBELT RENTALS, INC., | |
| *Plaintiff,* | Civil No. 3:21cv774 (JBA) |
| *v.* | |
| JAMES MCANDREWS, | |
| *Defendant.* | February 28, 2022 |

**RULING DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On August 5, 2021, the Court denied Plaintiff Sunbelt Rentals, Inc.'s motion for a temporary restraining order and preliminary injunction. (Ruling Denying Pl.'s Mot. for Temp. Restraining Order & Prelim. Inj. ("Ruling") [Doc. # 34].) In its Ruling, the Court held that Plaintiff failed to demonstrate that it was likely to succeed on the merits for its claims that Defendant breached an enforceable employment contract or that Defendant misappropriated Plaintiff's trade secrets. (*Id.* at 13, 17.) Plaintiff has moved for reconsideration the Court's holding with respect to whether it is likely to prevail on its claim that Defendant breached an enforceable contract. (Pl. Sunbelt Rentals, Inc.'s Mot. for Reconsideration ("Pl.'s Mot.") [Doc. # 35].) For the reasons that follow, Plaintiff's motion is DENIED.

I.     **Background**

The Court assumes the parties' familiarity with the facts of this case but will briefly review Plaintiff's claims, the Court's ruling, and the relevant contract provisions.

In its Complaint, Plaintiff asserted five counts, but its motion for a temporary restraining order and preliminary injunction focused on just three claims: that Defendant violated both the Defend Trade Secrets Act and the Connecticut Uniform Trade Secrets Act by converting Plaintiff's confidential information, and that Defendant's employment with Riggs Distler breached the restrictive covenants in his Employment Agreement. (Pl.'s Mem.

of L. in Supp. of Pl.'s Mot. for Temp. Restraining Order & Prelim. Inj. ("Pl.'s Prelim. Inj. Mem.")
[Doc. # 8-3] at 2.) The Court denied Plaintiff's motion because it concluded that Plaintiff did
not show a likelihood of success on the merits of its claims against Defendant. The Court
rejected Plaintiff's trade secrets claims because it had not produced evidence of
misappropriation or shown that there was a high degree of similarity between Defendant's
former and current positions. (Ruling at 17.) Additionally, the Court declined to apply the
narrow interpretation of the restrictive covenants advanced by Plaintiff before evaluating
the reasonableness of those restrictive covenants. (*Id.* at 9.) This latter determination is the
subject of Plaintiff's motion for reconsideration.

The Court's holding that the Employment Agreement is unenforceable against
Defendant rested on its interpretation of the Employment Agreement's two restrictive
covenants. In Paragraph 5.2.4 of the Employment Agreement, Defendant promised for one
year after the date of expiration or termination of the Agreement not to "compete with the
Corporation, its successors and assigns by engaging, directly or indirectly, in the Business as
conducted at the Designated Stores or in a business substantially similar to the Business as
conducted at the Designated Stores within the 'Territory.'" (Employment Agreement, Compl.
Ex. 1 [Doc. # 1-1] at 5.) Then, in Paragraph 5.2.5, Defendant agreed not to

> provide information to, solicit or sell for, organize . . . , or become employed or
> engaged by, or act as agent for any person, corporation, or other entity that is
> directly or indirectly engaged in a business in the "Territory," as hereinafter
> defined, which is substantially similar to the Business as conducted at the
> Designated Stores or competitive with Corporation's Business as conducted at
> the Designated Stores; provided, however, that nothing herein shall preclude
> Employee from (i) engaging in activities or being employed in a capacity that
> does not actually or potentially compete with the Corporation's business.

The "Business" is defined as

(i) selling and renting equipment, tools, climate control units, scaffolding, oil
& gas equipment (including, but not limited to, man lifts, generators, light
towers, trash trailers, shock subs, test separators, shower trailers, trash
pumps, 3 inch water pumps, 6 inch water pumps, water transfer services, fuel

2

> trailers, air compressors, water stations, RV pack (light tower/water station combination,) trailer houses, sewer systems, etc.) and parts for use in the manufacturing, industrial and construction industries, [and] . . . (iv) the provision of related services, including, but not limited to, the erecting and dismantling of scaffolding, providing crane trucks, delivery of OCTG goods, delivery of frac valves, burner installation and repair, test separator repair, catering services and portable restroom services.

(*Id.* at 3.) And the "Territory" is defined as

> the geographical area within a fifty (50) mile radius of any of the Corporation's stores in which, or in connection with, Employee performed or was responsible for performing services at any time during the twelve (12) month period immediately preceding the termination or expiration of this Agreement for any reason (the "Designated Stores").

(*Id.* at 5.) Finally, the Employment Agreement included a severability clause making severable from the rest of the contract any provision the Court deemed unenforceable. (*Id.* ¶ 9.) However, because the Court found that these two restrictive covenants were geographically overbroad and that the severability provision of the Employment Agreement could not save them, it held that Plaintiff was unlikely to be successful on the merits. (*See* Ruling at 13.)

## II.     Standard of Review

Motions for reconsideration are committed to the sound discretion of the Court and require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. Loc. Civ. R. 7(c); *Nygren v. Greater N.Y. Mut. Ins.*, No. 3:07-CV-462 (DJS), 2010 WL 3023892, at *2 (D. Conn. Aug. 2, 2010). The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to

controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012).

## III.    Discussion

Plaintiff urges the Court to reconsider its ruling for three reasons. First, Plaintiff claims that the Court "overlooked Paragraph 10 of the Employment Agreement" which it maintains "expressly permits modification of the Agreement's geographic scope, when the Court determine[s] that it is unable to modify the Agreement." (Pl.'s Mot. at 1.) Second, Plaintiff asserts that the Court's evaluation of the Employment Agreement's overbreadth "conflated two, separate non-compete provisions and did not apply the Agreement's severability clause." (*Id.*) Third, Plaintiff argues that "the Court overlooked testimony and evidence establishing that both non-compete provisions were limited to the matting and ground protection services provided at Defendant's two 'Designated Stores.'" (*Id.*)

Plaintiff's arguments are not persuasive. First, contrary to Plaintiff's perspective, the Court's exclusion of Paragraph 10 from its analysis does not justify reconsideration. Paragraph 10 of the Employment Agreement provides, in relevant part,

> [i]n the event that any provision of Paragraph 5 relating to the Restrictive Period, the Territory and/or the scope of activity restricted shall be declared by a court of competent jurisdiction to exceed the maximum time period, geographical area and/or scope of activity restricted that such court deems reasonable and enforceable under applicable law, the time period, area of restriction and/or scope of activity restricted that is held reasonable and enforceable by the court shall thereafter be the Restrictive Period, Territory and/or scope of activity restricted under this Agreement.

(Employment Agreement ¶ 10.) Pursuant to this paragraph, Plaintiff argues that the Court had the authority to modify the Employment Agreement when it concluded that the restrictive covenants were overbroad. (Pl.'s Mem. at 6.) Under this view, the Court should

4

have enforced the restrictive covenants "to the maximum extent that the Court deems permissible under Connecticut law." (*Id.* at 7.)

Plaintiff's argument at this stage is too little, too late. In neither its briefing nor its arguments during the two-day evidentiary hearing did Plaintiff advance a legal theory incorporating Paragraph 10 of the Employment Agreement. Instead, Plaintiff urged the Court only to "enforce the covenants relative to Defendant's employment with Riggs Distler." (Pl.'s Prelim. Inj. Mem. at 19.) In any event, application of Paragraph 10 is not so straightforward as Plaintiff's belated arguments suggest. The "survival clause" in Paragraph 4 of the Employment Agreement expressly states that Paragraphs 5 and 6 survive its termination, but there is no mention Paragraph 10's fate. While some "procedural" provisions do not need to be explicitly mentioned in a survival clause, *see Hedley v. Clear Channel Commc'ns, Inc.*, No. CV020817741S, 2003 WL 22079531, at *11 (Conn. Super. Ct. Aug. 5, 2003), the parties disagree as to whether Paragraph 10 is properly labeled "procedural" for this purpose. That disagreement first surfaced in the briefing in connection to Plaintiff's motion for reconsideration. Thus, the Court had no occasion to opine on the applicability of Paragraph 10 in its previous ruling because *the parties* did not raise the issue as material to their dispute. Plaintiff's instinct to correct a potential oversight is understandable, but its motion for reconsideration will not be granted on this ground because it constitutes a new legal theory not included in Plaintiff's original briefing.

Next, the Court did not conflate the two restrictive covenants as Plaintiff contends. Plaintiff argues that the Court analyzed only Paragraph 5.2.5 when it should have independently evaluated Paragraph 5.2.4 as well, which Plaintiff maintains was less broad in scope. (Pl.'s Mem. at 9.) However, the Court's analysis reflected a review of both restrictive covenants and it concluded that both restrict Defendant's employment options based on a geographic "territory" that comprises of a fifty-mile radius around *any* of Plaintiff's stores for which Defendant performed services. Plaintiff's focus on the "broader scope" of Paragraph

5.2.5 and the Court's conclusion that "Section 5.2.4 of the Agreement, which sets forth the noncompetition provision, is not enforceable as a matter of law" appears misguided. (*Id.* (citing Ruling at 13).) The Court's essential holding was that the geographic territory, which applies to both paragraphs, is too broad. Plaintiff may quarrel with this conclusion, but that disagreement does not persuade the Court that reconsideration of its decision is appropriate.

Finally, Plaintiff's argument that the Court overlooked evidence establishing that the restrictive covenants limited the covered geographical territory to just two designated stores is unavailing. While it is true that "the parties have not disputed that Defendant performed work 'in connection with' two [designated stores]: [store] #1100 (located in Trainer, Pennsylvania) and #683 (located in Jessup, Maryland)," (Pl.'s Mem. at 10), the Court declined to narrow its focus to only those stores because the undisputed record reflected that Defendant provided services to eight different stores. (*See* May 6, 2021 Cease & Desist Letter, Compl. Ex. C. [Doc. # 1-1] at 14-15 (observing that the Employment Agreement restricts employment within fifty miles of "any of the above-referenced" stores).) The Court found the evidence that Defendant performed most of his services for the Trainer and Jessup locations to be less relevant given its observation that

> the Agreement defines Territory as the area within fifty miles "of *any* of the Corporation's stores in which, or in connection with which, Employee performed or was responsible for performing services" during the twelve months prior to his termination. It does not state that the Territory is limited only to where an employee primarily performed services.

(Ruling at 9 (citing Employment Agreement at 5).) Plaintiff's view diverges from the Court's conclusion not because the Court overlooked critical evidence, but because Plaintiff disagrees with the Court's decision against modifying the agreement to limit the geographical territory of the restrictive covenants to just two designated stores. As such, Plaintiff's argument fails and the Court will not reconsider evidence it has already evaluated.

**IV.**    **Conclusion**

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Doc. # 35] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 28th day of February 2022.